IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| OUTMEMPHIS, et al.,  Plaintiffs,  v.  BILL LEE, et al.,  Defendants. | No. 2:23-cv-2670-SHL-cgc |

**ORDER DISMISSING CLAIMS IV, V, VI, VII, VIII AND X AND DISMISSING DEFENDANTS FRANK STRADA AND DAVID RAUSCH**

Before the Court is the Parties' Joint Notice of Partial Settlement and Stipulation of Partial Dismissal. (ECF No. 124.) The Parties state that they have reached a settlement as to claims IV, V, VI, VII, VIII, and X of Plaintiffs' First Amended Complaint. (Id. at PageID 1321.) Claims I, II, III, and IX are not impacted by the settlement. (Id.) Pursuant to the stipulation, Counts IV, V, VI, VII, VIII, and X are **DISMISSED WITH PREJUDICE**.[1]

Further, as a result of the settlement, all claims against Defendants Commissioner Frank Strada and Director David Rausch are dismissed. In cases with multiple defendants, "Rule 21 provides the appropriate basis for dismissal of a single defendant." Henderson-Thompson v. Jardoin, No. 2:22-cv-2013-MSN-cgc, 2022 WL 349896, at *2 (W.D. Tenn. Feb. 4, 2022) (citing Philip Carey Mfg. Co. v. Taylor, 286 F.2d 782, 785 (6th Cir. 1961)); see also Wilkerson v. Brakebill, No. 3:15-CV-435-TAV-CCS, 2017 WL 401212, at *2 (E.D. Tenn. Jan. 30, 2017) (collecting district court cases from within the Sixth Circuit that recognize that Rule 21, rather than Rule 41, is applicable when dismissing a single claim or defendant rather than an entire

---

[1] The Court will maintain jurisdiction over the dismissed claims for the sole purpose of enforcing the settlement against the parties.

2

lawsuit). Rule 21 provides that, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Dropping parties under Rule 21 functions as a dismissal of the party. See Henderson-Thompson, 2022 WL 349896, at *2.

"While Rule 41 'necessarily involves dismissal of the entire action, rather than merely certain claims[,] . . . courts should nevertheless consider Rule 41 standards as guidance in evaluating potential prejudice to the non-movant' when evaluating a motion to dismiss under Rule 21." Id. (quoting Brakebill, No. 3:15-CV-435-TAV-CCS, 2017 WL 401212, at *2). These Rule 41 standards evaluate whether the non-moving party would suffer prejudice. However, because this dismissal is pursuant to a joint stipulation, no such concerns are present. Thus, Strada and Rauch are **DISMISSED** from the case pursuant to Rule 21.

**IT IS SO ORDERED,** this 18th day of July, 2024.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE