IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| OUTMEMPHIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Nos. 23-cv-2670-SHL-cgc, |
| ) | 24-cv-2101-SHL-tmp |
| BILL LEE, in his official ) | |
| capacity as Governor of ) | |
| Tennessee, and JONATHAN ) | |
| SKRMETTI, in his official ) | |
| capacity as Attorney General ) | |
| and Reporter of Tennessee, ) | |
| ) | |
| Defendants. ) | |
| _____) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| STATE OF TENNESSEE, and ) | |
| TENNESSEE BUREAU OF ) | |
| INVESTIGATION, ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING DEFENDANTS' MOTION TO COMPEL**

Before the court by order of reference is defendants State of Tennessee's and Tennessee Bureau of Investigation's (collectively "Tennessee") Motion to Compel. (ECF Nos. 79, 86.) For the reasons below, the motion is DENIED.

## I. BACKGROUND

On February 15, 2024, plaintiff the United States of America ("USA") filed its complaint under Title II of the Americans with Disabilities Act ("Title II"), 42 U.S.C. § 12132, alleging that Tennessee's aggravated prostitution statute, Tenn. Code Ann. § 39-13-156, unlawfully discriminates against people with human immunodeficiency virus ("HIV"). (ECF No. 1). On April 3, 2024, on motion of the parties, the case was consolidated with OUTMemphis v. Lee, 2:23-cv-02670-SHL-cgc. (ECF Nos. 15, 22.) On April 10, 2024, Tennessee filed a motion to dismiss, arguing that Title II does not authorize the USA to bring enforcement actions; that the complaint fails to state a claim under Title II; that Tennessee is not the proper defendant; and that the requested remedy is improper.[1] (ECF No. 28-1.) That motion remains pending before the district court.

Tennessee filed its motion to compel on October 8, 2024. (ECF No. 79.) Tennessee asks that the court order the USA to answer Interrogatory Nos. 8, asking the USA to "[i]dentify and describe

---

[1]Tennessee argues in its motion to dismiss that "Title II has nothing to do with [s]tates' administration of their criminal codes," (ECF No. 28-1 at PageID 157), and the parties stated at the motion hearing that this case appears to be the first under Title II challenging a criminal statute that imposes harsher criminal liability on a person with HIV. For the limited purpose of deciding the instant motion, the undersigned will assume without deciding that the USA can sue a state under Title II for a state criminal statute that discriminates based on disability.

all government purposes served by 18 U.S.C. § 1122,"[2] and 9, asking the USA to "Identify and describe all government purposes served by Department of Defense Instruction 6130.03 § 6.23(b), Instruction 6485.01, and any other directive, instruction, or policy of the Department of Defense or any department of the United States military which prohibits or restricts the enlistment of servicemembers based on infection with HIV."[3] (ECF No. 79-1 at PageID 908.) Tennessee argues that this information is relevant to the "heart of [its] defense": Tennessee maintains that it must offer a legitimate, non-discriminatory reason for the aggravated prostitution statute under the burden shifting framework outlined in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), to rebut that it has intentionally discriminated against people with HIV.[4] (ECF No. 79-1 at PageID 910-11.) Tennessee also argues that the USA cannot show that responding is unduly burdensome. (Id. at PageID 912-13.)

---

[2]That statute imposes criminal liability against a person with HIV who "knowingly donates or sells, or knowingly attempts to donate or sell, blood, semen, tissues, organs, or other bodily fluids for use by another." 18 U.S.C. § 1122(a).

[3]Those policies "prohibit[] individuals with HIV from enlisting" in the United States military. (ECF No. 79-1 at PageID 907.)

[4]Tennessee does not identify the test as such, but the case it cites outlining the burden-shifting inquiry, Keller v. Chippewa County, Michigan Board of Commissioners, 860 F. App'x 381, 388 (6th Cir. 2021), specifically applies the McDonnell Douglas framework, and confirms that McDonnell Douglas is used in Title II intentional discrimination cases, id.

The USA filed its response in opposition on October 22, 2024. (ECF No. 85.) The USA argues that the requested information is irrelevant because the challenged action is facially discriminatory, and thus the McDonnell Douglas framework does not apply. (Id.) The USA suggests the "direct threat" exception codified at 28 C.F.R. § 35.139(a) could be relevant to defending a facially discriminatory policy, but it argues that this exception requires a fact-intensive analysis for which generalized justifications, such as those sought by Tennessee, are insufficient.[5] (Id.) The USA further argues that the information is irrelevant because the identified statutes and policies are dissimilar from Tennessee's aggravated prostitution statute, and that the interrogatories are disproportionate to the needs of the case. (Id.) Tennessee filed its reply on October 28, 2024, reiterating that the McDonnell Douglas framework is applicable; that the identified statutes and policies are similar; and that the USA has not shown that responding is unduly burdensome. (ECF No. 89.)

On November 19, 2024, the undersigned held a hearing on the motion. (ECF No. 93.) Tennessee agreed that the requested information would not be relevant if the McDonnell Douglas

---

[5]Tennessee confirmed at the motion hearing before the undersigned on November 19 that it is not defending the statute under the direct threat exception. (ECF No. 93.)

- 4 -

framework does not apply, and it confirmed that it was not defending the challenged statute under the direct threat exception.[6] (Id.)

## II.  ANALYSIS

Under the Federal Rules of Civil Procedure, information is discoverable if it is "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The court may limit discovery upon a showing that the discovery sought is unreasonably cumulative, duplicative, or is more easily obtainable from another source; that the party seeking discovery has had ample opportunity to obtain the information sought; or that the burden or expense of the discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2). "The party seeking discovery is obligated to demonstrate relevance." Myrtil v. Serra Chevrolet, No. 22-cv-MSN-tmp, 2023 WL 4493717, at *2 (W.D. Tenn.

---

[6] Although Tennessee argued in its brief that this information is also relevant to defending a failure-to-accommodate claim, (ECF No. 79-1,) it did not make this argument at the hearing. Moreover, the USA's complaint does not allege a failure-to-accommodate claim, (see ECF No. 1), nor does it appear that such an analysis is appropriate where the statute is facially discriminatory, see MX Grp., Inc. v. City of Covington, 293 F.3d 326, 345 (6th Cir. 2002) (holding that a plaintiff does not need to request a reasonable accommodation where the challenged ordinance is facially discriminatory); see also Bay Area Addiction Rsch. & Treatment, Inc. v. City of Antioch, 179 F.3d 725, 733 (9th Cir. 1999) ("The reasonable modification test does not apply in this case because, here, the ordinance in question discriminates on its face."). This argument is thus not relevant to resolution of this motion.

July 12, 2023) (citing Johnson v. CoreCivic, Inc., No. 18-CV-1051-STA-tmp, 2019 WL 5089086, at *2 (W.D. Tenn. Oct. 10, 2019)). "Upon a showing of relevance, the burden shifts to the party opposing discovery to show, with specificity, why the requested discovery is not proportional to the needs of the case." Id. (citing William Powell Co. v. Nat'l Indem. Co., No. 1:14-CV-00807, 2017 WL 1326504, at *5 (S.D. Ohio Apr. 11, 2017), aff'd sub nom. 2017 WL 3927525 (S.D. Ohio Jun. 21, 2017), and modified on reconsideration, 2017 WL 4315059 (S.D. Ohio Sept. 26, 2017)).

Tennessee argues that the information sought in Interrogatory Nos. 8 and 9 is relevant for the purpose of proffering a legitimate, non-discriminatory reason for the aggravated prostitution statute under the McDonnell Douglas burden shifting framework. As stated above, Tennessee concedes that this information is relevant only if McDonnell Douglas applies. In opposition, the USA maintains that the McDonnell Douglas framework does not apply because the statute is facially discriminatory, and thus is direct evidence of a Title II violation. Accordingly, the USA argues that Tennessee has not met its burden to show this request is relevant.

Under Title II, the McDonnell Douglas burden shifting framework is only applicable in the absence of direct evidence of

discrimination.[7] Cf. Bennett v. Hurley Med. Ctr., 86 F.4th 314, 325 (6th Cir. 2023) ("Because the record contains no direct evidence of discrimination against Plaintiff based on her disability, Plaintiff must meet the requirements of the familiar McDonnell Douglas burden shifting framework . . . ."). "Direct evidence is a 'smoking gun' and 'does not require the fact finder to draw any inferences to reach the conclusion that unlawful discrimination was at least a motivating factor.'" Finley v. Huss, 102 F.4th 789, 823 (6th Cir. 2024) (quoting Gohl v. Livonia Pub. Schs. Sch. Dist., 836 F.3d 672, 683 (6th Cir. 2016)).

Here, Tennessee's aggravated prostitution statute specifically targets sex workers who have HIV with harsher penalties than those who do not have HIV, compare Tenn. Code Ann. § 39-13-516 (defining aggravated prostitution as only applying to people "infected with HIV" and categorizing the crime as a Class C felony), with Tenn. Code Ann. § 39-13-513 (categorizing prostitution generally as a Class B misdemeanor), and is thus direct evidence of discrimination. See Bent-Crumbley v. Brennan, 799 F. App'x 342, 345 (6th Cir. 2020) (citing Nguyen v. City of

---

[7]Under this framework, the plaintiff must first make out a *prima facie* case of discrimination. Bennett, 86 F. 4th at 325. The burden then shifts to the defendant to proffer a legitimate, non-discriminatory reason for its actions. Id. The burden then shifts back to the plaintiff to show that the proffered reason was merely pretextual. Id. McDonnell Douglas only applies at the motion for summary judgment stage.

Cleveland, 229 F.3d 559, 563 (6th Cir. 2000)) ("A plaintiff can establish a prima facie case under the direct evidence framework by bringing evidence of discriminatory intent, such as a facially discriminatory employment policy or express statements of desires to remove employees."). Because the McDonnell Douglas framework only applies in the absence of direct evidence, it does not appear to be applicable under these circumstances. Thus, it is not relevant whether Tennessee can proffer a legitimate, non-discriminatory reason for its statute. Consequently, Tennessee has not met its burden to show that the requested information is relevant for purposes of discovery. Myrtil, 2023 WL 4493717, at *4 (denying defendant's motion to compel in part where it did not demonstrate relevance). Accordingly, Tennessee's motion is DENIED.[8]

Though Tennessee is not entitled to this information in discovery, the undersigned notes that the requested information appears to be a matter of public record. This order does not prevent Tennessee from using that publicly-available information as appropriate during the course of this litigation.

---

[8] Though Tennessee does not rely on the direct threat exception, it also appears that the information sought would not be relevant to that inquiry because it requires an individualized assessment. 28 C.F.R. § 35.139(b).

### III. CONCLUSION

For the foregoing reasons, Tennessee's Motion to Compel is DENIED.

IT IS SO ORDERED.

                                      s/Tu M. Pham
                                      TU M. PHAM
                                      Chief United States Magistrate Judge

                                      December 4, 2024
                                      Date