# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| OUTMEMPHIS; MICHELLE ANDERSON; JANE DOE #2; JANE DOE #3; and JANE DOE #4,<br><br>    Plaintiffs,<br><br>v.<br><br>BILL LEE, in his official capacity as Governor of Tennessee; JONATHAN SKRMETTI, in his official capacity as Attorney General and Reporter of Tennessee; DAVID RAUSCH, in his official capacity as Director of the Tennessee Bureau of Investigation; and FRANK STRADA, in his official capacity as Commissioner of the Tennessee Department of Correction,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:23-cv-2670-SHL-cgc |

### ORDER DIRECTING HEARING ON DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

Before the Court is Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint, filed by Defendants Bill Lee, in his official capacity as Governor of Tennessee, Jonathan Skrmetti, in his official capacity as Attorney General and Reporter of Tennessee, David Rausch, in his official capacity as Director of the Tennessee Bureau of Investigation, and Frank Strada, in his official capacity as Commissioner of the Tennessee Department of Correction, on February 15, 2024. (ECF No. 66.) Plaintiffs OUTMemphis, Michelle Anderson, and Jane Does 2–4 filed a response in opposition on March 14, 2024 (ECF No. 67), and Defendants filed a reply on April 11, 2024 (ECF No. 88).

Following a partial settlement in this matter (see ECF Nos. 124–25), Plaintiff OUTMemphis and Defendants Lee and Skrmetti are the only parties who remain.  In addition, the case now has four claims—specifically that the Aggravated Prostitution statute (Tenn. Code Ann. § 39-13-516) violates (1) Title II of the Americans with Disabilities Act ("ADA") (Count I); (2) the Fourteenth Amendment Equal Protection Clause (Count II); (3) the Fourteenth Amendment Substantive Due Process Clause (Count III); and (4) Section 504 of the Rehabilitation Act of 1973 (Count IX).  The Motion to Dismiss argues that all four should be dismissed for various reasons.  (See ECF No. 66.)

One of Defendants' arguments needs oral argument.  Defendants argue that viewing Title II of the ADA as applicable to the Aggravated Prostitution statute would exceed Congress's authority under Section 5 of the Fourteenth Amendment.  (ECF Nos. 66-1 at PageID 613–19; 88 at PageID 868–70.)  In support of these arguments, they cite the three factors outlined in City of Boerne v. Flores, 521 U.S. 507, 529–36 (1997), and assert that Plaintiff's stance would "push the Commerce Clause power of Congress beyond the outermost limits."  (ECF Nos. 66-1 at PageID 613–19; 88 at PageID 868–70.)  Plaintiff contends that Congress had the power to enact Title II of the ADA under both Section 5 and the Commerce Clause, and that the statute should be applied in this context.  (See ECF No. 67 at PageID 674–87.)

The Court has set an oral argument on this motion, primarily to hear the parties' positions on whether this matter is one seeking prospective relief and, if so, whether the Ex parte Young Doctrine or City of Boerne analysis is the applicable framework to apply when assessing whether Title II can apply here.

Therefore, there will be an in-person hearing to discuss these issues on **Thursday, January 30, at 11 a.m.** in Courtroom No. 1, on the 11th floor of the Federal Building in Memphis, Tennessee.

**IT IS SO ORDERED,** this 15th of January, 2025.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE
